**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

| | |
|---|---|
| **Shenzhenshibairihongmaoyiyouxiangongsi**<br>1970kejiyuan4dong207A2<br>Minzhijiedaominzhishequ, Longhuaqu<br>Shenzhenshi, Guangdongsheng<br>China, 518110<br><br>                    Plaintiff,<br><br>v.<br><br>**Novoluto GmbH**.<br>Friedenstraße 91-91a<br>10249 Berlin, Germany<br><br>                    Defendant. | Case No. |

## COMPLAINT

The Plaintiff, Shenzhenshibairihongmaoyiyouxiangongsi ("Plaintiff"), by and through its attorneys, hereby bring the present action against Novoluto GmbH and state as follows.

**I.    THE PARTIES**

1. The Plaintiff, Shenzhenshibairihongmaoyiyouxiangongsi, is a Chinese company that sells products in the U.S., particularly on Amazon.com through its Amazon store "linshaihongdianpu."

2. Plaintiff maintains an address of 1970kejiyuan4dong207A2, Minzhijiedaominzhishequ, Longhuaqu, Shenzhenshi, Guangdongsheng, China, 518110.

3. Defendant, Novoluto Gmbh ("Defendant"), is a company organized and existing under the laws of Germany, with a principal place of business at Friedenstraße 91-91a, 10249 Berlin, Germany.

1

## II.    JURISDICTION AND VENUE

4. Plaintiff brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement and invalidity with respect to U.S. Patent No. 9763851 (the " '851 patent") (Exhibit 1), under 35 U.S.C. § 101 *et seq*.

5. Exhibit 1 is a true and correct copy of the '851 patent, titled "Stimulation Device."

6. Exhibit 2 is a true and correct copy of the file history of the '851 patent.

7. On information and belief, the '851 patent is assigned to Defendant.

8. This Court has original subject matter jurisdiction over the patent-related claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

9. On information and belief, Defendant does not reside in the United States.

10. On information and belief, Defendant is not subject to jurisdiction in any state's courts of general jurisdiction.

11. Defendant is subject to the personal jurisdiction of this Court at least pursuant to 35 U.S.C. § 293.

12. Venue is proper under 28 U.S.C. § 1391(b)(3) as the Defendant is subject to this court's personal jurisdiction under 35 U.S.C. § 293.

## III.    FACTS PERTAINING TO ALL CLAIMS

13. The adult novelties product industry, including products such as sex toys, massagers, and sexual aids, and the associated product industry is enormous.

14. Plaintiffs are in the business of selling adult novelties.

15. While there are a wide variety of such products, the present suit pertains to structurally
    identical products sold by Plaintiff under the Amazon ASIN: B0BB1VX77W ("the
    Product").

16. The Product, pictured below, is a suction device in the shape of a flower or rose:



17. The Product works by energizing a motor that rotates an arm connected to a piston which
    thereby creates vacuum pressure.

18. A general depiction of the internal structure of the Product is show below:



19.

20. The Product is popular on Amazon, and Plaintiff enjoys success in advertising and selling the Product throughout the United States.

21. Amazon is the primary sales channel for Plaintiff's sale of the Product.

22. To be competitive in the market for adult novelty massagers, it is critical that Plaintiff has access to the US market through Amazon.com.

23. However, Plaintiff's access to Amazon.com is threatened by Defendant, who seeks to use the Amazon APEX process to halt Plaintiff's sale of the Product on Amazon.

24. The removal of the Products at issue would cause considerable damage in the form of lost sales to Plaintiff as well as future reduced listing profile as the removal of Plaintiff's Product will result in Plaintiff's Product link being less active, and therefore lower ranked, on Amazon.

25. The damage to Plaintiff's product link—and by extension to Plaintiff—is irreparable as it allows others to feature their products with a higher profile, and even when Plaintiff's Product is relisted, it will continue to remain at a lower profile than competitors, including Defendant.

26. The '851 patent is directed to a stimulation device.

27. The '851 specification provides a depiction of one embodiment in Figure 3, shown below:

Fig. 3



28. The '851 specification describes that embodiment as including "first chamber" 3 and a "second chamber" 4 that are connected by "connection element" 5.

29. The specification explains that a drive unit 6 is connected to the first chamber "in such a way that the volume of the first chamber 3 is modified" by the operation of the drive unit.

30. The specification explains further "any drive types causing a deflection in wall 31 of the first chamber 3 for volume modification can basically be used in stimulation device 1."

31. As the specification describes, first chamber 3 preferably consists of a flexible media- or airtight material, such as rubber.

32. The operation of the stimulation device is shown in Figures 4-6.

33. Figures 4 through 6 are shown below:







34. As shown, and described in the specification, as the flexible wall 31 of the first chamber is pulled back, the volume of the first chamber expands, drawing air in (transition from Fig. 4 to Fig. 5).

35. The specification states, "a force A affecting the first chamber 3 causes chamber 3 to expand. In detail, force A in this embodiment draws wall 31 of the first chamber 3 in a direction facing away from the second chamber 4. Volume V2 in chamber 3 increases as a result, i.e., V2>V1."

36. As shown, and described in the specification, as the flexible wall 31 of the first chamber is pushed forward, the volume of the first chamber shrinks, pushing air out (transition from Fig. 5 to Fig. 6).

37. As the specification states, "the direction of force B is opposed to the direction of force A and distorts wall 31 of the first chamber in such a way that the resulting volume V3 of the chamber is less than volume V1."

38. The specification also states, "the connection element in a stimulation device intended for the clitoris may have a single passageway with nozzle effect on the clitoris glans between the first and second chamber."

39. The '851 patent contains no explanation of what "nozzle effect" means.

40. The '851 patent includes 8 claims, of which claims 1 and 8 are independent.

41. Claim 1 of the '851 is as follows:

1. A stimulation device for a clitoris, comprising:

a pressure field generator comprising:

a first chamber having a single opening;

a second chamber having first and second openings, the second opening of the second chamber for placing over the clitoris; and

a connection element having a first opening and a separate second opening thereby forming a straight channel connecting the single opening of the first chamber with the first opening of the second chamber;

a drive unit that changes a volume of the first chamber in such a manner that a stimulating pressure field is generated in the second chamber via the connection element; and

a control device that actuates the drive unit; and a housing enclosing the pressure field generator, the drive unit, and the control device; wherein:

the pressure field generated in the second chamber consists of a pattern of negative and positive pressures modulated with respect to a reference pressure,

the first chamber is connected with the second chamber solely by the connection element,

the stimulation device has no valves,

the stimulation device is a portable hand-held device with a battery,

7

the connection element is rigid and the first and second openings of the connection element are aligned to one another so that a media flow during a compression of the first chamber is directed to the clitoris through the straight channel with a nozzle effect, and

the second opening of the connection element is configured to face the clitoris through the second chamber.

42. Accordingly, among other limitations, claim 1 is at least directed to a simulation device having "a drive unit that changes a volume of the first chamber."

43. Claim 1 is further at least directed to a stimulation device were "the first and second openings of the connection element are aligned to one another so that a media flow during a compression of the first chamber is directed to the clitoris through the straight channel with a nozzle effect."

44. To meet the limitations of claim 1, during operation, at least the volume of chamber 1 must be changed by operation of the drive device

45. To meet the limitations of claim 1, during operation, at least the media flow must be directed to a clitoris.

46. To meet the limitations of claim 1, during operation, at least the media flow must pass through a straight channel with nozzle effect.

47. Claim 8 of the '851 patent is as follows:

8. A system, comprising:

a stimulation device for a clitoris comprising:

a pressure field generator comprising:

a first chamber having a single opening;

a second chamber having first and second openings, the second opening of the second chamber for placing over the clitoris; and

a connection element having a first opening and a separate second opening thereby forming a straight channel connecting the single opening of the first chamber with the first opening of the second chamber;

a drive unit that changes a volume of the first chamber in such a manner that a stimulating pressure field is generated in the second chamber via the connection element; and

a control device that actuates the drive unit;

a housing enclosing the pressure field generator, the drive unit, and the control device; and

a remote control device arranged separately to the stimulation device, wherein:

the pressure field generated in the second chamber consists of a pattern of negative and positive pressures modulated with respect to a reference pressure,

the first chamber is connected with the second chamber solely by the connection element,

the stimulation device has no valves,

the stimulation device is a portable hand-held device with a battery,

the connection element is rigid and the first and second openings of the connection element are aligned to one another so that a media flow during a compression of the first chamber is directed to the clitoris through the straight channel with a nozzle effect, and

the second opening of the connection element is facing the clitoris through the second chamber; and

the control device of the stimulation device is remote controlled by the remote control device.

48. Accordingly, among other limitations, claim 8 is at least directed to a simulation device having "a drive unit that changes a volume of the first chamber."

49. Claim 8 is further at least directed to a stimulation device were "the first and second openings of the connection element are aligned to one another so that a media flow during a compression of the first chamber is directed to the clitoris through the straight channel with a nozzle effect."

50. To meet the limitations of claim 1, during operation, at least the volume of chamber 1 must be changed by operation of the drive device.

51. To meet the limitations of claim 1, during operation, at least the media flow must be directed to a clitoris.

52. To meet the limitations of claim 1, during operation, at least the media flow must pass through a straight channel with nozzle effect.

**COUNT I**
**DECLARATORY JUDGMENT OF INVALIDITY**
**U.S. Patent No. 9763851**

53. Plaintiffs incorporate all of the foregoing paragraphs herein.

54. Patents require that the subject matter be fully disclosed so as to enable a person of ordinary skill in the art to make the invention without undue experimentation.

55. All of the claims require "nozzle effect."

56. None of the claims require a "nozzle."

57. The written description of the '851 patent fails to provide sufficient explanation of what constitutes "nozzle effect."

58. The written description does not support a claim limitation for "nozzle effect" or provide sufficient information for a person of ordinary skill in the art to determine whether any particular structure exhibits "nozzle effect."

**COUNT II**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**U.S. Patent No. 9763851**

59. Plaintiffs incorporate all of the foregoing paragraphs herein.

60. The '851 patent is invalid.

61. An invalid patent cannot be infringed.

62. At least because the '851 patent is invalid, regardless of the structure of Plaintiff's Product, Plaintiff's Product cannot infringe any claim of the '851 patent.

63. Plaintiff's product does not include a first chamber that changes volume.

64. In the Plaintiff's product, the internal components A, B, C, and D, are all rigid components that do not change size during the operation of the Product:



65.

66. Plaintiff's Product does not have a structure that provides for media flow through a straight channel with nozzle effect.

67. Plaintiff's Product does not include a clitoris.

68. Plaintiff's Product has a variety of uses that do not include directing media flow to a clitoris.

69. Plaintiff is entitled to a determination that its Product does not infringe any claim of the '851 patent.

70. Plaintiff is entitled to permanent injunctive relief at least to preclude Defendant from asserting to any other party that any of the Products at issue infringe the '851 patent, or

from otherwise utilizing the '851 patent to induce any party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell Plaintiff's Product.

71. Plaintiff Parties are entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

72.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 9763851 is invalid.

2) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 9763851 is not infringed by Plaintiff's Product.

3) A finding that this case is exceptional under 35 U.S.C. § 285.

4) Awarding Plaintiff its cost and reasonable attorneys' fees.

5) Enter an order enjoining Defendant or any other party working in conjunction with Defendant or that has knowledge of the injunction from asserting infringement of U.S. Patent No. 9763851 or otherwise using U.S. Patent No. 9763851 to interfere with Plaintiff's business.

6) Awarding Plaintiff any and all other relief that this Court deems just and proper.

Dated:  October 9, 2025

        /s/ Aaron D. Neal
Aaron D. Neal – Bar No. 79692
**McNamee Hosea, P.A.**
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com


Matthew De Preter (pro hac vice to be filed)
ARONBERG GOLDGEHN
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
cdepreter@agdglaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)**

| | |
|---|---|
| **Shenzhenshibairihongmaoyiyouxiangongsi** | |
| Plaintiff | |
| v. | Case No. |
| **Novoluto GmbH** | |
| Defendant | |

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, pursuant to Fed. R. Civ. P. 38 and Local Civil Rule 38, demands a trial by jury on all issues so triable.

Dated:  October 9, 2025

　　　/s/ Aaron D. Neal　　　
Aaron D. Neal – Bar No. 79692
**McNamee Hosea, P.A.**
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel.　301-441-2420
Fax　301-982-9450
aneal@mhlawyers.com


Matthew De Preter (pro hac vice to be filed)
ARONBERG GOLDGEHN
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
cdepreter@agdglaw.com


*Attorneys for Plaintiffs*